IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

REBECCA S. COOPER,

       Plaintiff,

V.                                      CIVIL ACTION NO. 3:08-0084

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings and plaintiff's motion to remand.

Plaintiff filed her applications on March 30, 2005, alleging disability commencing February 13, 2005, as a consequence of HIV positive, fatigue, weight loss and uterine problems. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-seven years of age and had obtained a GED. Her past relevant employment experience consisted of work as a cashier and doing

food prep at a fast food restaurant and homemaker for a home health care agency. In his decision, the administrative law judge determined that plaintiff suffers from HIV and uterine prolapse, impairments he found severe. Though concluding that plaintiff was unable to perform her past work,[1] the administrative law judge determined that she he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff contends that the administrative law judge failed to properly evaluate an impairment under listing 14.00. Plaintiff argues that the administrative law judge should have considered the frequency of her symptoms and her response to treatment in accordance with listing 14.08(N). This section provides for a finding of disability if there are repeated[3] manifestations of HIV infection that result in significant symptoms and a marked level of one of the following: (1) Limitation of activities of daily living; (2) limitation in maintaining social functioning; or (3) Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

The administrative law judge noted that she had reported some episodes of diarrhea, with the longest episode about two weeks in duration[4], and that each time her symptoms were resolved with

---

[1]This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[3] Repeated is defined in 20 C.F.R. Part 404, Subpart P, Appendix 1, §14.00(I)(3) as: "the manifestations occur on an average of three times a year, or once every four months, each lasting two weeks or more; or the manifestations do not last for two weeks but occur substantially more frequently than three times in a year..."

[4] It is significant that the administrative law judge referenced the longest duration being two weeks because this is a cut-off point used in the regulations to determine the frequency of symptoms

medication. He also noted a single bout with colitis for which she went to the emergency room and was treated, and complaints to her doctor of an itching sensation sometimes accompanied by a rash. Additionally, she has complained in her filings of fatigue, however there is no medical evidence to support this complaint. Given the symptoms identified and durations noted, it is apparent that, contrary to plaintiff's allegations, the administrative law judge evaluated plaintiff's complaints in accordance with the appropriate regulation.

Plaintiff also argues that the administrative law judge failed to set forth an appropriate hypothetical question to the vocational expert by not including the side effects of her medication in her residual functional capacity. Plaintiff asserts that the administrative law judge should have noted her lipodystrophy, a side effect of her medication, and weight loss because it was a matter of importance to her treating physician. Review of the record shows Dr. Rushton repeatedly noted her weight and lipodystrophy to be concerns. However, the lipodystrophy was never noted to create any functional limitations, and she never lost a significant amount of weight or was diagnosed with HIV wasting syndrome. While these are side effects of her illness, they have not been shown to be functionally limiting. Plaintiff also suggested that her gynecological problems should have been included in the hypothetical. This argument is without merit because her hysterectomy and bladder prolapse surgery were never noted to limit her functionally after her recovery. To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all relevant evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). Based on the foregoing, the administrative law judge's hypothetical question to the vocational expert included all of

---

required to meet the listing. See 20 C.F.R. Part 404, Subpart P, Appendix 1, §14.00(I)(3).

plaintiff's impairments that were supported by the evidence, including exertional and nonexertional limitations.

Lastly, plaintiff asserts that the administrative law judge erred by not seeking additional medical evaluations. Plaintiff believes expert testimony is needed because her treating physician never noted her complaints of fatigue, and did not discuss the connection between her lipodystrophy, the HIV medication, and her cholesterol level. This argument has no merit as the side effects from her antiretroviral medications were never noted to be functionally limiting. Also, plaintiff did not completely follow the treatment recommended by her physician with regard to her cholesterol. He advised her to quit smoking and to take fish oil capsules. She complied with these recommendations for a short time period and her cholesterol levels improved, however she was unable to abstain from smoking and she decided she would discontinue the fish oil after the bottle of pills she had ran out. The administrative law judge made his findings based on the entire record, which he concluded was complete for purposes of making a determination. This Court finds that substantial evidence supports the administrative law judge's findings, and that additional medical evidence was not necessary.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, and the weight given various medical opinions are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

      The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

      ENTER:   September 30, 2009

*/s/ Maurice G. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE